NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| E.R., | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 13-1550 (MAS) (DEA) |
| | : | |
| v. | : | **MEMORANDUM ORDER** |
| | : | |
| LOPATCONG TOWNSHIP MIDDLE SCHOOL, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**SHIPP, District Judge**

Before the Court are two motions to dismiss the Complaint (ECF No. 1, at 22-64) in the captioned matter. In the first, which the Court will refer to as the "School Board's Motion," Defendants Lopatcong Township School Board, Michael Alvino, Richard Bonney, Julie Duffy, Steven Giesel, Rosemary Kowalchuk, Kimberly Norton, Melissa Roosen, Michael Rossi, and James Thompson (collectively, "Defendants") seek dismissal of the Complaint in its entirety. (Sch. Bd. Mot., ECF No. 6.) In the second, or "Supplemental Motion," Defendants Kowalchuk, Norton, and Thompson seek dismissal of claims against them in their individual, as opposed to official, capacities. (Supp. Mot., ECF No. 12.) Plaintiff, identified here by her initials, E.R., responded to both motions in a single submission (Pl. Opp'n, ECF. No. 14), and Defendants replied (Supp. Reply, ECF No. 13; Sch. Bd. Reply, ECF No. 15.) The Court resolves the motions without oral argument pursuant to Local Civil Rule 78.1.

This action came before the Court in March 2013, when Defendants removed it from New Jersey State Superior Court. According to the Complaint, Plaintiff E.R. attended Lopatcong

Township Middle School from 2003 until sometime in 2008. During that period, Plaintiff claims to have been the victim of sexual abuse by Kari Ann Brekne, a teacher at the school. (Compl. ¶¶ 26-27.) Plaintiff asserts that Defendants are liable for the injuries she sustained as a result of Brekne's conduct. In thirteen separate counts, the Complaint accuses Defendants of discrimination under Title IX of the Education Amendment of 1972 (20 U.S.C. § 1681(a)); various civil rights violations under both 42 U.S.C. § 1983 and its state law corollary, the New Jersey Civil Rights Act (N.J.S.A. § 10:6-1 *et seq.*); and six separate torts under New Jersey state law.

To survive a motion to dismiss, a complaint must contain factual allegations sufficient to support a "reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Pleadings that consist solely of "'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

The Complaint in this case is devoid of factual allegations connecting Defendants to the alleged abuse. Instead, Plaintiff conclusorily asserts that Defendants "knew and/or reasonably should have known, and/or knowingly condoned, and/or covered up, the immoral and/or unlawful sexual activities of the individual who sexually abused the Plaintiff, E.R." (Compl. ¶ 28.) In the absence of facts to support this statement, the Court cannot reasonably infer the liability of any Defendant.

For these reason, and for other good cause show, **IT IS** on this 27th day of January, 2014,

**ORDERED** that:

1.  The School Board's Motion is **GRANTED** and the Complaint is dismissed without prejudice.

2.  The Supplemental Motion is denied as moot.

3.  Plaintiff may file an amended complaint within 45 days.

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE