<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| E.R.,<br><br>Plaintiff,<br><br>v.<br><br>LOPATCONG TOWNSHIP MIDDLE SCHOOL, et al.,<br><br>Defendants. | Civil Action No. 13-1550 (MAS) (DEA)<br><br>**MEMORANDUM OPINION** |

<u>**SHIPP, District Judge**</u>

This matter comes before the Court on the motion of Defendants Lopatcong Township Middle School, Lopatcong Township School District, Lopatcong Township School Board (collectively, "the Board"); Michael Rossi ("Rossi"); Rosemary Kowalchuk ("Kowalchuk"); Steven Giesel ("Giesel"); Michael Alvino ("Alvino"); Kimberly Norton ("Norton"); James Thompson, Jr. ("Thompson"); Richard Bonney ("Bonney"); Julie Duffy ("Duffy"); and Melissa Roosen ("Roosen") (collectively, "Moving Defendants") to dismiss the Amended Complaint of Plaintiff E.R. ("Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff filed opposition (ECF No. 41), and Moving Defendants replied (ECF No. 42). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, Counts One through Four are dismissed with prejudice, and the case is remanded to the Superior Court of New Jersey.[1]

---

[1] Defendants Richard Roes ("Roes") and Keri Ann Brekne ("Brekne") (collectively, with Moving Defendants, "Defendants") have not moved to dismiss this action. Counts One through Four were brought against Roes, and Count One was brought against Brekne. The claims asserted against

I.     **Background**

Plaintiff E.R., born January 28, 1993, now an adult female, attended Lopatcong Middle School (the "School") as a minor from 2003 through 2008. (Am. Compl. ¶¶ 9-10, ECF No. 22.) During that time, Defendant Keri Ann Brekne ("Brekne"), a teacher at the school, allegedly sexually assaulted or alternatively sexually abused Plaintiff on numerous occasions. (*Id.* ¶ 78.) The alleged sexual abuse occurred while Plaintiff was in the seventh and eighth grades, from approximately 2006 until 2008. (*Id.* ¶ 73.) Plaintiff generally alleges that Brekne had access to her by virtue of her employment within the school system and, as a result, was able to sexually abuse Plaintiff on multiple occasions. (*Id.* ¶ 79.) Additionally, Brekne was family friends with E.R.'s family; Brekne babysat for the family, she stayed overnight at the family home with the parents' knowledge, and E.R.'s mother occasionally drove Brekne to school. (*Id.* ¶¶ 47, 48, 57, 58.)

On January 21, 2008, during one of Brekne's stays at Plaintiff's house, E.R.'s mother noticed a small silver cell phone in Plaintiff's purse. The phone contained text messages from Brekne in which she referred to Plaintiff as "angel" and "babe." (*Id.* ¶ 60.) E.R.'s parents brought the phone to the School to show Kowalchuck, the principal. (*Id.* ¶¶ 59-61.) The next day, Rossi, the superintendent, questioned Brekne about the cell phone; Brekne admitted to buying and paying for the cell phone, as well as spending the night at Plaintiff's house. (*Id.* ¶ 174.) Rossi told Brekne that he was going to contact the police and instructed her to turn in her keys and go home. (*Id.* ¶ 176.) The next day, Kowalchuck and Rossi began cleaning out Brekne's classroom and found a

---

Roes and Brekne, however, are identical to those claims before the Court by way of Moving Defendants' motion to dismiss. A court dismissing claims against moving defendants may sua sponte dismiss identical claims against non-moving defendants. *See Michaels v. State of N.J.*, 955 F. Supp. 315, 331 (D.N.J. 1996). Therefore, the Court dismisses the claims against them for the same reasons the claims against Moving Defendants are dismissed.

metal box from Plaintiff to Brekne, inscribed "I love you BFF" and dated 2005. (*Id.* ¶¶ 137, 180.) Rossi later sent correspondence to Brekne, suspending her with pay. (*Id.* ¶ 177.)

Other members of the school faculty had previously warned Brekne to keep her relationship with students professional. During the time that Brekne moderated the Ski Club, Kowalchuck and Brekne discussed not allowing students back into the School unsupervised. (*Id.* ¶ 133.) On March 29, 2007, Kowalchuck sent Brekne an e-mail message, copying Rossi and Giesel, the Assistant Principal, on the e-mail message, addressing Brekne's inappropriate conduct of transporting students in her car without permission or accompanied by another staff member. (*Id.* ¶¶ 138, 154, 181.) Brekne was told she could not drive the students anywhere by herself. (*Id.* ¶ 371.)

Additionally, Brekne was told by other teachers that she was "too close with the students" and to keep her relationship professional. (*Id.* ¶¶ 144, 216, 224, 260, 266, 283, 285, 288, 305, 306, 311, 312.) As alleged, most of the teachers seemed to think Brekne and E.R.'s parents were family friends. (*Id.* ¶¶ 240-42, 284.) Additionally, Plaintiff alleges in the Amended Complaint that Rossi stated that Brekne was "too friendly" with students. (*Id.* ¶ 178.) When Plaintiff's parents brought Kowalchuck the cell phone, she stated that she "was not surprised as she had suspicions" that Brekne "may have sexually abused the [P]laintiff" because she spoke to Brekne before about "being too close to a select group of girls." (*Id.* ¶ 144.)

Plaintiff alleges that Defendants "knew and/or reasonably should have known, and/or knowingly condoned, and/or covered up" Brekne's alleged abuse of E.R. (*Id.* ¶ 40.) Plaintiff also claims that the Board was negligent in hiring, supervising, and retaining Brekne and that it "maintained a culture where signs of abuse of its students were tolerated," which led to Brekne's abuse of E.R. (*Id.* ¶¶ 83, 96, 109). Additionally, Plaintiff alleges that Defendants received

information that Brekne was involved in an inappropriate relationship with E.R. but failed to conduct an investigation. (*Id.* ¶¶ 84, 97, 110, 143, 158, 185, 205, 228, 245, 271, 291, 319.)

Plaintiff originally filed this action in the Superior Court of New Jersey, Law Division, on January 14, 2013. Moving Defendants filed a notice of removal pursuant to 29 U.S.C. §§ 1331, 1441, and 1446. (Notice of Removal 9, ECF No. 1.) On January 27, 2014, this Court issued an Order dismissing the complaint without prejudice, finding that it was devoid of any factual allegations connecting Defendants to the alleged sexual abuse. (Mem. Order 2, ECF No. 19.) On April 4, 2014, Plaintiffs filed the Amended Complaint. (ECF No. 22.)

In the Amended Complaint, Plaintiff alleges seventeen separate counts against Defendants. Counts One through Four allege violations of federal law pursuant to Title IX, 20 U.S.C. § 1681, and 42 U.S.C. § 1983. Counts Five through Seventeen allege claims under state law.

## II.    **Legal Standard**

When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, a district court conducts a three-part analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). The court, however, must disregard any conclusory allegations proffered in the complaint. *Id.* For example, the court is free to ignore legal conclusions or factually unsupported accusations that merely state "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). Finally, once the well-pleaded facts have been identified and the conclusory allegations ignored, a court must determine whether the "facts alleged in the complaint

4

are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679).

Determining plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Plausibility, however, "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 545). In the end, facts that only suggest the "mere possibility of misconduct" fail to show that the plaintiff is entitled to relief. *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679).

## III.   Analysis

### A.   Title IX Claim

Count One of the Amended Complaint alleges violation of Title IX against both the individual defendants and the Board. There is no individual liability, however, under Title IX. 20 U.S.C. § 1681(a)(1); *see generally Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246, 257 (2009) (noting Title IX has been interpreted as not authorizing suit against school officials, teachers, and other individuals). Since Title IX does not provide a cause of action against individual state actors, Count One of the Amended Complaint is dismissed with prejudice as to Rossi, Kowalchuck, Giesel, Alvino, Norton, Thompson, Bonney, Duffy, Roosen, Roes, and Brekne.

In order to state a claim under Title IX, a plaintiff must allege that a school district or official: "(1) had actual knowledge of, and (2) was deliberately indifferent to (3) harassment that was so severe, pervasive and objectively offensive that it (4) deprived the victim of access to the educational benefits or opportunities provided by the school." *Murrell v. Sch. Dist. No. 1, Denver, Colo.*, 186 F.3d 1238, 1246 (10th Cir. 1999) (citing *Davis v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 642-46 (1999)); *see Bostic v. Smyrna Sch. Dist.*, 418 F.3d 355, 360-63 (3d Cir. 2005). Title

5

IX requires that an official have "actual knowledge of discrimination . . . and fail[] adequately to respond." *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 290 (1998). The Supreme Court has held that Title IX does not allow recovery based on the principle of respondeat superior or constructive notice, since liability should not attach if the district does not have actual knowledge of the teacher's conduct. *See id.* at 275-76. In addition, an official's response, or the response of someone with authority to stop the abuse, "must amount to deliberate indifference to discrimination" for liability to attach to a school district. *Id.* Deliberate indifference occurs when the response to harassment is "clearly unreasonable in light of the known circumstances." *Davis*, 526 U.S. at 649. Further, the official's response must be "an official decision by the recipient not to remedy the violation." *Gebser*, 524 U.S. at 290.

Here, Plaintiff has still failed to allege facts in her Amended Complaint that demonstrate that any official had actual notice that Brekne sexually harassed E.R. or that they acted with deliberate indifference. Allegations that persons had "suspicions" or that Brekne was disciplined for being too friendly to students does not rise to the level of actual knowledge. Additionally, the Board's conduct does not qualify as "deliberately indifferent;" the only "known circumstances" alleged stated that Brekne transported students in her car, and was accordingly reprimanded for those actions. When officials were notified of the existence of the cell phone, which clearly indicated sexual abuse, Brekne was immediately questioned and suspended. These allegations do not qualify as "deliberately indifferent." Thus, because Plaintiff has failed to plead a plausible claim for relief under Title IX, Count One is dismissed with prejudice.[2]

---

[2] Under Federal Rule of Civil Procedure 15(a), leave to amend shall be freely given, in the absence of certain circumstances which include futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Amendment of the complaint is futile if the amendment will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss. *Massarsky v. General Motors Corp.*, 706 F.2d 111, 125 (3d Cir.) (1983). Here, the amended

### B.      Section 1983 Claims

Counts Two through Four of the Amended Complaint allege three main theories of liability under 42 U.S.C. § 1983: (1) a custom, policy, or practice; (2) a special relationship between the Board and E.R.; and (3) a state-created danger. (Am. Compl. ¶¶ 414-15, 417, 425-27, 433, 436-37.) Section 1983 imposes liability on any person who, acting under the color of state law, deprives another of rights, privileges, or immunities secured by the Constitution or laws of the United States. 42 U.S.C. § 1983. To establish a § 1983 claim, a plaintiff must "demonstrate a violation of a right protected by the Constitution or laws of the United States that was committed by a person acting under the color of state law." *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000). "A defendant in a [§ 1983] action must have personal involvement in the alleged wrongs." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Additionally, in order for individual liability to attach, a plaintiff must demonstrate that the particular individual was an official or supervisor who acted with deliberate indifference to the sexual abuse. *Murrell*, 186 F.3d at 1250.

Here, Alvino, Norton, Thompson, Bonney, Duffy, Roosen, and Roes were teachers. They were not officials or supervisors with policy-making authority; therefore, they cannot be liable under § 1983. *See id.* (finding teachers did not possess the final policymaking authority required to establish liability). Although Rossi, Kowalchuck, and Giesel may be considered supervisors for § 1983 purposes, there are no facts pled in the Amended Complaint that they had any actual knowledge of the sexual abuse, or that they acted with deliberate indifference to that sexual abuse. Allegations that the Defendants "knew or should have known" are a formulaic recitation of what is necessary to be pled and cannot act as a substitute for a minimal factual basis for a claim.

---

complaint cannot withstand the renewed motion to dismiss, so Counts One through Four are dismissed with prejudice.

Therefore, the Amended Complaint is insufficient to set forth a claim of individual liability under § 1983 against Alvino, Norton, Thompson, Bonney, Duffy, Roosen, Roes, Rossi, Kowalchuck, and Giesel, and Plaintiff's § 1983 claim is dismissed with to respect to them.

### 1.    Policy, Custom, or Practice

Plaintiff first alleges that her constitutional liberty interest under the Fourteenth Amendment was violated by Defendants' "creation and promotion of policies, customs, or practices that fostered a climate to flourish where minor students, including plaintiff, were left vulnerable and actually were subject to sexual abuse." (Am. Compl. ¶¶ 415, 426, 436.)

Violations of the Fourteen Amendment by a municipal entity or any other person acting under color of state law are actionable under § 1983. In order for a school board to be liable under § 1983 for a teacher's sexual abuse of a student, a plaintiff must demonstrate that the board: "(1) has a policy, practice, or custom which played an affirmative role in bringing about the sexual abuse, and (2) that the school district acted with deliberate indifference to that abuse." *Dipippa v. Union Sch. Dist.*, 819 F. Supp. 2d 435, 441 (W.D. Pa. 2011) (citing *Black by Black v. Ind. Area Sch. Dist.*, 985 F.2d 707, 712 (3d Cir. 1993)). A plaintiff must also show that a supervisory official had actual knowledge of similar conduct in the past and acted with deliberate indifference to the sexual abuse. *Id.* at 442 (citing *Gottlieb v. Laurel Highlands Sch. Dist.*, 272 F.2d 168, 176 (3d Cir. 2001)). Deliberate indifference is a very high standard; a showing of basic or heightened negligence will not suffice. *Chambers v. Sch. Dist. of Phila. Bd. Of Educ.*, 587 F.3d 176, 193 (3d Cir. 2009); *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). "[A] successful deliberate indifference claim requires showing that the defendant knew of the risk to the plaintiff before the plaintiff's injury occurred." *Beers-Capitol v. Whetzel*, 256 F.3d 120, 137 (3d Cir. 2001).

Here, Plaintiff did not plead any facts in support of a policy, practice or custom that brought about the sexual abuse. Plaintiff pled that Defendants failed to report or investigate Brekne transporting students in her vehicle, which led to a culture "where staff members felt that the inappropriate conduct of its staff members was permissible, thereby fostering a culture where sexual abuse was permitted." (Am. Compl. ¶¶ 145-46, 158-59, 186-87.) While the facts indicate that the incident was not officially investigated, Plaintiff did receive an e-mail message reprimanding her for transporting students in her car, with instructions to discontinue the practice. (*Id.* ¶ 138.) Here, Plaintiff alleges a failure to investigate. But this failure to investigate cannot be described as a "custom" of allowing abuse; in fact, the Board has a policy in place that strictly prohibits any sexual abuse. Additionally, none of the facts indicate that Defendants acted with deliberate indifference; failing to formally investigate a teacher, who is a known family friend for transporting a student does not rise to the level of deliberate indifference. The Board cannot be held liable under § 1983 for a failure to investigate. Finally, no facts were pled that would indicate the Defendants knew of the risk to E.R. before she was sexually abused. Brekne did not have a known history of sexual abuse, and none of the facts pled indicate that any of the Defendants had actual knowledge of the abuse before it was reported. Therefore, Plaintiff has not adequately alleged that the Board had a custom or practice that allowed or condoned sexual abuse; Plaintiff fails to state a claim upon which relief can be granted under this theory of § 1983 liability.

### 2.    Special Relationship

In the Amended Complaint, Plaintiff alleges the Defendants had a special relationship with Plaintiff, based on *in loco parentis*. (Am. Compl. ¶¶ 417, 427, 437.) The Third Circuit has held that school defendants do not restrict a student's freedom to the extent that the student or their parents are prevented from meeting basic needs, and the school defendant's authority over students

does not create the "special relationship" necessary to assert a claim under § 1983. *D.R. v. Middle Bucks Area Vocational Tech. Sch.*, 972 F.2d 1364, 1372 (3d Cir. 1992). Accordingly, no special relationship exists between E.R. and Defendants; § 1983 liability does not attach in this case.

### 3.  State-Created Danger

Finally, Plaintiff alleges a § 1983 claim based on a state-created danger. (Am. Compl. ¶¶ 417, 427, 437.) To state a claim under this theory, a plaintiff must plead:

> (1) the harm ultimately caused was foreseeable and fairly direct;
> (2) a state actor acted with a degree of culpability that shocks the conscience;
> (3) a relationship between the state and the plaintiff existed such that the plaintiff was a foreseeable victim of the defendant's acts, or a member of a discrete class of persons subjected to the potential harm brought about by the state's actions, as opposed to a member of the public in general; and
> (4) a state actor affirmatively used his or her authority in a way that created a danger to the citizen or that rendered the citizen more vulnerable to danger than had the state not acted at all.

*Kaucher v. Cnty. of Bucks*, 455 F.3d 418, 431 (3d Cir. 2006). The Third Circuit uses a "deliberate indifference" standard for purposes of determining whether liability attaches under the state-created danger theory. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 908 (3d Cir. 1997). "Under Third Circuit jurisprudence, a harm is foreseeable when a state actor has actual awareness . . . of a risk of harm to an individual . . . such that the actor is on notice that his or her act or failure to act significantly enhances the risk of harm." *Gremo v. Karlin*, 363 F. Supp. 2d 771, 784-85 (E.D. Pa. 2005).

The Amended Complaint does not contain any factual allegations that Moving Defendants knew, or even impliedly knew, that the Plaintiff would be harmed by Brekne or that such sexual abuse was foreseeable. Knowing that a teacher has transported students in her car in the past does not indicate "foreseeable" sexual abuse. Under the second prong, Moving Defendants' failure to

10

act does not "shock the conscience," since there are no facts alleged that Moving Defendants had actual knowledge that Plaintiff was being abused. As to the third prong, no factual allegations are made that Plaintiff was a member of a discrete class. Finally, Plaintiff failed to plead that Moving Defendants used their authority to create a danger or that Defendants took affirmative actions to encourage or conceal the sexual abuse in this case. Instead, the Amended Complaint only sets forth facts that constitute passive failures (i.e., failure to warn, document, investigate). Moving Defendants' acts are insufficient as a source of liability under the fourth prong. Plaintiff has failed to state a claim under the state-created danger doctrine. Therefore, the Amended Complaint fails to state a claim upon which relief can be granted under § 1983. Counts Two through Four are dismissed with prejudice.

### C.      Supplemental Jurisdiction

The Court declines to exercise jurisdiction over the remaining state law claims. A "district court may decline to exercise supplemental jurisdiction over a claim if 'the district court has dismissed all claims over which it has original jurisdiction.'" *Elkadrawy v. Vanguard Grp.*, 584 F.3d 169, 174 (3d Cir. 2009) (quoting 28 U.S.C. § 1367(c)(3)). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Here, the federal claims have been dismissed with prejudice, and the balance of the relevant factors weigh in favor of declining supplemental jurisdiction. New Jersey's courts are in a better position to determine the merit of Plaintiff's state law claims; therefore, the remaining claims are remanded to the Superior Court of New Jersey.

## IV.   Conclusion

For the reasons set forth above, Moving Defendants' motion to dismiss is grated in part, and Counts One, Two, Three and Four are dismissed with prejudice for failure to state a claim. This case is remanded to the Superior Court of New Jersey. An order consistent with this Memorandum Opinion will be entered.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

**Dated:** July 30, 2015

12